Stephen F. Ellman
Ronald M. Neumann
Bryan D. Leinbach
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

Attorneys for
  *JPMorgan Chase Bank, N.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE ALBERT ELLIS INSTITUTE,<br><br>                              Plaintiff,<br><br>             - against -<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>                              Defendant. | Case No.:  11 Civ. 5504(GBD)(AJP)<br><br>**JPMORGAN CHASE BANK, N.A.'S ANSWER TO COMPLAINT** |

        JPMorgan Chase Bank, N.A. ("Chase"), by its attorneys Zeichner Ellman & Krause LLP, for its answer to the complaint of plaintiff The Albert Ellis Institute ("AEI"), alleges upon information and belief, as follows:

        1.        Chase specifically objects to the allegations contained in paragraphs 6, 7, 8, 43, 44, 45, 46, 47, 48, 50, 52, 53, 54 and 55 of the complaint as improper pursuant to Fed. R. Civ. P. 8(a)(2), 8(d)(1) and 12(f) because they do not purport to pertain to any claim for which plaintiff may be entitled to relief but rather simply refer to the attempts by plaintiff's counsel to obtain unauthorized pre-complaint discovery from non-attorneys at Chase as well as from Chase's in-house and outside

counsel and to paragraphs 1, 23, 24, 25 and 26 of the complaint as being immaterial, superfluous and irrelevant to the claims and defenses in this action.

2.     It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint, except that at all relevant times AEI was a banking customer of Chase and it refers to the complaint for plaintiff's contention regarding the nature of this action.

3.     It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint, except refers the Court to the complaint for the contents thereof and admits that AEI provided Chase with a list which, AEI alleges, enumerates the funds transfers that it contends are unauthorized and refers the Court to said list for its content, but specifically denies that such transfers were unauthorized or that Chase has a liability to plaintiff for any damages allegedly caused by said transfers.

4.     It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

5.     It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

6.     It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

7.     It denies each and every allegation contained in paragraph 6 of the complaint, except that counsel for AEI sent multiple letters and emails to Chase and its counsel, some of which demanded documents and others of which demanded money, that AEI received responses from counsel for Chase which evidently did not satisfy AEI, that this litigation ensued, and Chase refers to the referenced correspondence, documents and emails for their content.

8.     It denies each and every allegation contained in paragraph 7 of the complaint, except that it provided certain banking documents to AEI, including a Business Signature Card dated November 30, 2005, and refers to the referenced correspondence and documents for their content.

9.     It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint, except refers to the referenced correspondence and documents for their content and denies that the transfers at issue were unauthorized.

10.     It denies each and every allegation contained in paragraph 9 of the complaint, except that counsel for AEI made certain monetary demands to Chase, that Chase denied AEI's claim for the funds at issue in this action and refers to the referenced correspondence for its content.

11.     It denies each and every allegation contained in paragraph 10 of the complaint, except Chase has not credited AEI for the transfers that are the subject of this action.

3

12.     It denies each and every allegation contained in paragraph 11 of the complaint.

13.     It denies each and every allegation contained in paragraph 12 of the complaint.

14.     It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint, except that, upon information and belief, Bernstein was President of the Board of Trustees and Director of AEI during the time period when the transfers at issue were made.

15.     It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint, except that, upon information and belief, Bernstein was a member of AEI's Board of Trustees.

16.     It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint.

17.     It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint.

18.     It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint.

19.     It admits the allegations contained in paragraph 18 of the complaint.

20.    It admits the allegations contained in paragraph 19 of the complaint.

21.    It admits the allegations contained in paragraph 20 of the complaint.

22.    It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint.

23.    It admits the allegations contained in paragraph 22 of the complaint.

24.    It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the complaint.

25.    It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint.

26.    It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the complaint.

27.    It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint.

28.    It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the complaint, except that Chase maintained bank accounts for AEI during 2010 and 2011.

29.     It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the complaint.

30.     It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the complaint, except Chase maintained an account in the name of AEI.

31.     It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the complaint, except Chase maintained an account in the name of AEI from which certain funds transfers were made during the period from April 2010 through February 2011 that AEI now alleges were unauthorized.

32.     It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the complaint.

33.     It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the complaint.

34.     It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the complaint.

35.     It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the complaint, except its records show that Chase or a predecessor bank maintained account number 031101659 in the name of AEI since September 27, 1971.

36.    It denies each and every allegation contained in paragraph 35 of the complaint, except refers to Exhibit 1 thereof for its content.

37.    It denies each and every allegation contained in paragraph 36 of the complaint, except refers to Exhibit 1 thereof for its content.

38.    It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the complaint, except refers to Exhibit 1 thereof for its content.

39.    It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the complaint, except that branch 743 refers to a Chase branch and it refers to Exhibit 1 for its content and for the identity of the banker who signed the document.

40.    It denies each and every allegation contained in paragraph 39 of the complaint.

41.    It denies each and every allegation contained in paragraph 40 of the complaint.

42.    It denies each and every allegation contained in paragraph 41 of the complaint.

43.    It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the complaint, except that AEI

contacted Chase in February 2011 regarding transfers allegedly made by Jeffrey Bernstein ("Bernstein") from its account, that AEI annexed to the complaint correspondence from its counsel concerning transactions and transfers from its account which AEI attributed to Bernstein, and Chase refers to said correspondence for its content.

44.     It lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 43 of the complaint, except that counsel for AEI requested documents from Chase prior to initiating this action and refers to said correspondence for its content.

45.     It denies each and every allegation contained in paragraph 44 of the complaint, except that Jenni B. Spiritis, Esq., an attorney with the Chase Retail Banking Group, sent the referenced email, and refers to the exhibit for its contents.

46.     It denies each and every allegation contained in paragraph 45 of the complaint, except that Ms. Spiritis sent the referenced email and attachments, and refers to the exhibits for their contents.

47.     It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the complaint.

48.     It lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the complaint.

49.     It denies each and every allegation contained in paragraph 48 of the complaint, except that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning what AEI learned during its investigation of Bernstein and refers to the referenced exhibit for its content.

50.     It denies each and every allegation contained in paragraph 49 of the complaint, except refers to the referenced exhibit for its content.

51.     It lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 50 of the complaint, except it refers to the referenced documents included in the exhibit for their content.

52.     It denies each and every allegation contained in paragraph 51 of the complaint.

53.     It denies each and every allegation contained in paragraph 52 of the complaint, except refers to the referenced exhibit for its content.

54.     It denies each and every allegation contained in paragraph 53 of the complaint, except refers to the referenced exhibit for its content.

55.     It denies each and every allegation contained in paragraph 54 of the complaint, except there were no attachments to the referenced letter, to which it refers for its content.

56.     It denies each and every allegation contained in paragraph 55 of the complaint, except that it did not specifically reply to the referenced email contained in exhibit 9 before AEI served the complaint.

57.     It repeats and realleges the responses set forth above in response to the allegations contained in paragraphs 1-55 of the complaint in response to paragraph 56 of the complaint.

58.     It denies each and every allegation contained in paragraph 57 of the complaint.

59.     It denies each and every allegation contained in paragraph 58 of the complaint.

60.     It repeats and realleges the responses set forth above in response to the allegations contained in paragraphs 1-55 and 57-58 of the complaint in response to paragraph 59 of the complaint.

61.     It denies each and every allegation contained in paragraph 60 of the complaint.

62.     It denies each and every allegation contained in paragraph 61 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

63.     The complaint fails to state a cause of action against Chase.

**SECOND AFFIRMATIVE DEFENSE**

64.     The transfers and transactions complained of in the complaint were authorized by agreement with Chase and/or by AEI's corporate resolutions.

**THIRD AFFIRMATIVE DEFENSE**

65.     This action is precluded by Article 4A of the Uniform Commercial Code.

**FOURTH AFFIRMATIVE DEFENSE**

66.     Chase acted in good faith and in accordance with the reasonable commercial standards applicable to its business with respect to its handling of AEI's accounts.

**FIFTH AFFIRMATIVE DEFENSE**

67.     The transfers and transactions complained of by AEI were authorized by AEI.

**SIXTH AFFIRMATIVE DEFENSE**

68.     Plaintiff gave Bernstein the actual, implied and/or apparent authority to make the transfers that AEI alleges were unauthorized.

11

**SEVENTH AFFIRMATIVE DEFENSE**

69.     Any payment orders received by Chase were authorized orders of plaintiff as Bernstein acted with actual, implied or apparent authority to bind plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

70.     AEI ratified the transactions and transfers at issue in this action.

**NINTH AFFIRMATIVE DEFENSE**

71.     Plaintiff gave the actual, implied or apparent authority to person(s) who made the transfers or payment orders alleged in the complaint.

72.     Plaintiff failed to exercise reasonable and prompt care to determine the existence of any allegedly unauthorized payment orders.

73.     Plaintiff ratified or is estopped from denying its authorization for, or ratification of, any transfers or payment orders alleged in the complaint.

**TENTH AFFIRMATIVE DEFENSE**

74.     Chase acted in a commercially reasonable manner and in accordance with its security procedures and agreements with plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

75.     Chase sent plaintiff account statements that included all allegedly unauthorized funds transfers.

76.   Plaintiff failed to timely notify Chase of alleged unauthorized transfers after receiving notification from Chase of said transfers.

77.   Plaintiff is not entitled, <u>inter alia</u>, to any interest with respect to the funds transfers.

### TWELFTH AFFIRMATIVE DEFENSE

78.   AEI has failed to mitigate damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

79.   Any damages suffered by AEI were caused in whole or in part by the actions of AEI, which therefore precludes it from bringing this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

80.   Plaintiff's claims are barred by the doctrine of laches, waiver and/or estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

81.   Plaintiff's claims are barred by the doctrine of unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

82.   This action should not proceed in the absence of persons who should be parties to this action, including but not limited to, Bernstein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

83.     If plaintiff suffered losses, such losses were due to its failure to exercise reasonable control over its employee and or agent, Bernstein.

## EIGHTEENTH AFFIRMATIVE DEFENSE

84.     If plaintiff sustained a loss due to the dishonesty or improper acts of its agent Bernstein, then as between innocent parties – plaintiff and Chase – the loss should fall upon plaintiff, which delegated authority to Bernstein and put him in a position to steal.

## NINETEENTH AFFIRMATIVE DEFENSE

85.     Any losses suffered by plaintiff were due to the intervening/superseding actions of third parties, not by Chase.

## TWENTIETH AFFIRMATIVE DEFENSE

86.     Plaintiff has not suffered any damages as a result of any alleged act, conduct or omission of Chase.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

87.     To the extent plaintiff obtained or obtains property as restitution from anyone concerning the allegations of the complaint, Chase is entitled to set-off for the fair market value of the property so obtained.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

88.    To the extent plaintiff had a policy of insurance covering any losses referred to in the complaint, plaintiff is precluded from recovery of such funds from Chase.

WHEREFORE, defendant Chase demands judgment as follows:

(a)    dismissing the complaint in all respects;

(b)    for its costs and disbursements of this action; and

(c)    for such other and further relief as the Court deems just.

Dated:  New York, New York
        August 31, 2011

ZEICHNER ELLMAN & KRAUSE LLP

By: _Ronald M. Ne_____

Stephen F. Ellman
Ronald M. Neumann
Bryan D. Leinbach
Attorneys for Defendant
  JPMorgan Chase Bank, N.A.
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

#632419v5/RN/10399.018

TO:   McLaughlin & Stern, LLP
      David Blasband, Esq.
      Bruce A. Langer, Esq.
      Attorneys for Plaintiff
        The Albert Ellis Institute
      260 Madison Avenue, 18th Floor
      New York, New York 10016

## CERTIFICATE OF SERVICE

STATE OF NEW YORK,
COUNTY OF NEW YORK.

      Michael W. Antonivich, pursuant to 28 U.S.C. 1746 and under the penalty of perjury, says: that I am over the age of eighteen years, and am not a party herein, and reside in Nassau County, New York and that on the 31st day of August, 2011, I served a true copy of the within **DEFENDANT'S ANSWER TO COMPLAINT AND RULE 7.1 STATEMENT** upon the attorneys hereinafter named at the places hereinafter stated by depositing the same, properly enclosed in post-paid, properly addressed wrappers, into the exclusive care and custody of a depositary maintained and controlled by the United States Post Office for delivery by first class mail to said attorneys at their last known addresses given below:

      MCLAUGHLIN & STERN, LLP
      David Blasband, Esq.
      Bruce A. Langer, Esq.
      Attorneys for Plaintiff
       The Albert Ellis Institute
      260 Madison Avenue, 18th Floor
      New York, New York 10016

Dated: August 31, 2011

Michael W. Antonivich